UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALONZO CHATMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. DIAZ, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00918-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>(Doc. 5)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 5.) Because Plaintiff has accrued more than three "strikes" under section 1915(g) and fails to show that he is in imminent danger of serious physical injury, the Court recommends that his application be denied.

**I.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides, "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

///

## II. DISCUSSION

The Court takes judicial notice of four of Plaintiff's prior actions that were dismissed because they were frivolous or failed to state a claim on which relief can be granted[1]: (1) *Chatman v. Dillion, et al.*, No. 2:04-cv-02654-FCD-DAD (E.D. Cal.) (dismissed on August 19, 2005, as frivolous and for failure to state a claim); (2) *Chatman v. Bradford, et al.*, No. 2:05-cv-01571-FCD-GGH (E.D. Cal.) (dismissed on August 24, 2006, for failure to file an amended complaint, after the court dismissed the original complaint for failure to state a claim[2]); (3) *Chatman v. Solano County Jail, et al.*, No. 2:04-cv-02655-MCE-GGH (E.D. Cal) (dismissed on August 30, 2006, for failure to file an amended complaint, after the court dismissed the original complaint for failure to state a claim); and, (4) *Chatman v. Dillion, et al.*, No. 2:19-cv-02171-WBS-AC (E.D. Cal.) (dismissed without prejudice[3] on January 29, 2020, for failure to file an amended complaint, after the court dismissed the original complaint for failure to state a claim). All of these cases were dismissed before Plaintiff initiated the current action on July 1, 2020. Plaintiff is therefore precluded from proceeding *in forma pauperis* unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

Plaintiff alleges that prison officials deprived him of "good conduct credits," thereby subjecting him to incarceration past the date he should be released. (*See* Doc. 1 at 3.) Plaintiff sues the director of the California Department of Corrections and Rehabilitation; the warden of Substance Abuse Treatment Facility and State Prison, Corcoran (SATF); and two records analysts at SATF. (*Id.* at 2.) Plaintiff does not provide any factual allegations that show that he was in imminent danger of physical injury at the time he filed suit.

///

///

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] When a "court dismisses a complaint on the ground that it fails to state a claim, … the court grants leave to amend, and … the plaintiff then fails to file an amended complaint, the dismissal counts as a strike." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

[3] "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

### III.  CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 5) be DENIED; and,
2. This action be DISMISSED without prejudice to refiling upon prepayment of the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 15, 2020**                    /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE