UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALONZO CHATMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. DIAZ, et al.,<br><br>　　　　　Defendants. | No. 1:20-cv-00918-NONE-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING ACTION WITHOUT PREJUDICE<br><br>(Doc Nos. 5, 7) |

　　　　Plaintiff Larry Alonzo Chatman is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On July 15, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion to proceed *in forma pauperis* (Doc. No. 5) be denied and this action dismissed without prejudice because plaintiff has accrued more than three "strike" dismissals under 28 U.S.C. § 1915(g).  (Doc. No. 7.)  The magistrate judge further found that plaintiff's allegations fail to show that he is in imminent danger of serious physical injury.  (*Id.* at 2.)  The judge provided plaintiff fourteen (14) days to file objections to the findings and recommendations.  (*Id.* at 3.)

　　　　Plaintiff filed timely objections on July 30, 2020.  (Doc. No. 8.)  In his objections, plaintiff argues that the cases cited by the magistrate judge should not count as strikes and that he

qualifies for the imminent-danger exception under 28 U.S.C. § 1915(g).  (*See id.*)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

The magistrate judge correctly found that four of plaintiff's prior cases were dismissed as frivolous or for failure to state a claim on which relief can be granted.  (Doc. No. 7 at 2.)  Three of the cases were dismissed when plaintiff failed to file an amended complaint, after the district court had found that plaintiff's operative complaint failed to state a cognizable claim.  *Chatman v. Bradford, et al.*, No. 2:05-cv-01571-FCD-GGH (E.D. Cal. Aug. 24, 2006); *Chatman v. Solano County Jail, et al.*, No. 2:04-cv-02655-MCE-GGH (E.D. Cal Aug. 30, 2006); *Chatman v. Dillion, et al.*, No. 2:19-cv-02171-WBS-AC (E.D. Cal. Jan. 29, 2020).  The Ninth Circuit has held "that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike."  *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).  Additionally, the Supreme Court recently held that a "dismissal . . . for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

The court also agrees with the magistrate judge's finding that plaintiff's allegations fail to satisfy the imminent-danger exception under section 1915(g).  (Doc. No. 7 at 2.)  In his objections, plaintiff states that he "has contracted a 'serious life threatening illness ulcerative proctitis," which "lower[s] one['s] 'immune system'" and makes "plaintiff 'more susceptible' to . . . COVID 19.'"  (Doc. No. 8 at 2.)  Plaintiff's claims do not show that he is in *imminent* danger of physical injury.  Furthermore, the claims are not related to any of the allegations in plaintiff's complaint, which concern the deprivation of "good conduct credits."  (*See* Doc. No. 1 at 3); *see also Stine v. Fed. Bureau of Prisons*, No. 1:13–CV–1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) ("[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the

'imminent danger' exception of section 1915(g)."). Plaintiff's allegations thus fail show that he was in imminent danger of serious physical injury at the time he filed suit. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("the availability of the [imminent-danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time").

Accordingly,

1. The findings and recommendations issued on July 15, 2020 (Doc. No. 7) are adopted in full;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 5) is denied;
3. This action is dismissed without prejudice to refiling upon prepayment of the filing fee; and,
4. The Clerk of the Court is directed to assign a district judge to this case for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:   **August 6, 2020**

UNITED STATES DISTRICT JUDGE